# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1680 | **DATE** | 4/28/2000 |
| **CASE TITLE** | Ray Centanni vs. Donald Snyder, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Supplement to Memorandum Opinion and Order. For the reasons stated this Court (1) denies the portion of Centanni's current filing that seeks reconsideration and (2) denies him leave to file a late notice of appeal. (7-1) In sum, This Court awaits Centanni's determination whether he wishes his most recent filing to constitute a timely notice of appeal from the March 22 Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 01 2000 | |
| | Notified counsel by telephone. | | date docketed | 8 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/28/2000 | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAY CENTANNI, )
)
Petitioner, )
)
v. ) No. 00 C 1680
)
DONALD SNYDER, et al., )
)
Respondents. )

SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

Ray Centanni ("Centanni"), whose self-prepared 28 U.S.C. §2254 Petition for Writ of Habeas Corpus ("Petition") this Court dismissed without prejudice in its March 22, 2000 memorandum opinion and order ("Opinion"), has filed a document that he captions "Petition To Reconsider, and Leave To File Late Notice of Appeal." For the reasons stated in this supplement to the Opinion, this Court (1) denies the portion of Centanni's current filing that seeks reconsideration and (2) denies him leave to file a <u>late</u> notice of appeal, while at the same time this Court expresses its willingness to treat Centanni's filing as a <u>timely</u> notice of appeal if he so wishes--but on the conditions stated hereafter.

First, as for any possible reconsideration, Fed. R. Civ. P. ("Rule") 59(e) provides a very short and non-extendable (see Rule 6(b)) period of 14 days (10 days under Rule 59(e), plus inter-

vening weekends under Rule 6(a)) for a litigant to seek to alter or amend a judgment--here the judgment of dismissal without prejudice. After that time has expired, the only potential source of such relief is Rule 60(b). Because Centanni's filing (with the aid of Houston v. Lack, 487 U.S. 266 (1988), the filing date here is treated as April 18, 2000) came well after the expiration of the Rule 59(e) deadline, it must be treated as brought under Rule 60(b). And because nothing said by Centanni even hints at grounds for relief under that Rule, reconsideration is denied.

In terms of Centanni's alternative of seeking to appeal, his current filing is puzzling. Fed. R. App. P. 4(a)(1)(A) allows an appeal as of right within 30 days from the entry of the relevant judgment or order, and here Centanni tendered his request (see Fed. R. App. P. 4(c)(1)) with several days to go in that 30-day period after the March 22 Opinion. If therefore he wishes his current filing to constitute an actual notice of appeal instead of asking needlessly to be permitted a late filing, this Court is entirely prepared to treat it as such--but in that event he must either pay the $105 in filing fees up front or, if he wants to claim in forma pauperis status to excuse such full prepayment, he must promptly file the necessary affidavit ("Affidavit," copies

2

of which are being sent to him with a copy of this supplement to the Opinion) as well as a printout of his trust fund account at East Moline Correctional Center for at least the six-month period between October 18, 1999 and April 18, 2000. If that latter course is chosen, this Court will be enabled to carry out its responsibilities under 28 U.S.C. §1915.

Having said all of that, this Court cannot in good conscience leave the matter, given Centanni's pro se status, without providing him with some information as to his current course of action. It is unclear from his current filing just what issue or issues he expects to raise on appeal:

1. If, as that filing's first-stated prayer for relief suggests, he is contending that Judge Mihm should not have transferred his original Petition from Judge Mihm's district to this Northern District of Illinois, this Court expresses no view on that subject. It accepted that transfer on the basis of its surface appropriateness,[1] and it went on to explain in the Opinion why in this Court's view Centanni's interests would be best served by a without-prejudice dismissal so that he could go directly to the Court of

---

[1] After all, the alternative would have been to send the case back to Judge Mihm, creating the unseemly potential for an unending ping-pong match.

3

Appeals to raise the "second or successive petition" question without risking a strike for 28 U.S.C. §1915(g) purposes. If Centanni wishes to disregard that possible course of action, so be it.

2. If however Centanni wishes to go to the Court of Appeals to challenge the Opinion's without-prejudice dismissal as such, rather than going to that same court to seek certification or to explain why none is needed, he would seem to be hazarding an unnecessary risk in lieu of a no-lose approach. Again that is of course Centanni's choice.

In sum, this Court awaits Centanni's determination whether he wishes his most recent filing to constitute a timely notice of appeal from the March 22 Opinion. If so, he should promptly file anything that he considers the law to require to flesh out the current filing, together with the completed Affidavit and trust fund account information. If not, he should promptly file a statement withdrawing his request relating to a putative appeal.

Milton I. Shadur
Senior United States District Judge

Date: April 28, 2000

4